Citation Nr: 1546192 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 09-46 743A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Wilmington, Delaware


THE ISSUE

Entitlement to an extraschedular evaluation for right shoulder dislocation, currently evaluated as 20 percent disabling.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

K. R. Fletcher



INTRODUCTION


The Veteran had active service in the U.S. Army from September 1953 to September 1956.

This case was originally before the Board of Veterans' Appeals (Board) on appeal from a January 2009 rating decision by the Roanoke, Virginia, Regional Office (RO) of the Department of Veterans Affairs (VA). Jurisdiction of this case currently resides with the Wilmington, Delaware RO.

In an October 2014 decision, the Board, in pertinent part, granted an increased schedular rating of 20 percent for service-connected right shoulder dislocation prior to September 19, 2013. The Veteran appealed the decision to the United States Court of Appeals for Veterans Claims (Court), to the extent that the Board erred by failing to address whether referral for extraschedular consideration under 38 C.F.R. § 3.321(b)(1) was warranted. See July 2015 Joint Motion for Partial Remand (JMR). In July 2015, the Court issued an order that granted the JMR, and vacated only that portion of the October 2014, Board decision which denied entitlement to a rating in excess of 20 percent for right shoulder dislocation on an extraschedular basis, and remanded that matter to the Board for additional action.

This matter was before the Board in August 2015 when it was remanded for additional development.

This appeal was processed using the Virtual VA (VVA) and Veterans Benefits Management System (VBMS) electronic claims processing systems.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action on his part is required.


REMAND

Pursuant to the July 2015 JMR, this matter was remanded in August 2015 to determine whether extraschedular rating referral under 38 C.F.R. § 3.321(b)(1) was warranted. In this regard, the AOJ was directed to determine if referral to the Director of Compensation Service for extraschedular consideration under 38 C.F.R. § 3.321(b)(1) was necessary in accordance with the decision in Johnson v. McDonald, 762 F.3d 1362 (Fed. Cir. 2014) (extraschedular consideration requires consideration of the collective impact of the Veteran's service-connected disabilities on his disability picture and whether it renders the schedular evaluations inadequate). 

The AOJ issued a Supplemental Statement of the Case (SSOC) in August 2015, finding that the criteria for referral to the Director, Compensation Service for consideration of an extraschedular evaluation for right shoulder dislocation have not been met. Unfortunately, the Board's directives were not substantially complied with because the AOJ failed to consideration of the collective impact of the Veteran's service-connected disabilities on his disability picture and whether it renders the schedular evaluations inadequate. 

Another remand is necessary. Although the Board sincerely regrets the additional delay, it is necessary to ensure that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration. See Stegall v. West, 11 Vet. App. 268 (1998). 

The AOJ is once again reminded that the Veteran is service-connected for degenerative arthritis of the left elbow, degenerative changes of the left knee, degenerative joint disease of the left shoulder, degenerative changes of the right knee and residuals of fractured nasal bones, in addition to his right shoulder disability. The collective impact of all these disabilities must be considered when determining if referral is warranted under section 3.321(b)(1) according to Johnson, supra. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. In accordance with the JMR from the Court and the decision in Johnson v. McDonald, 762 F.3d 1362 (Fed. Cir. 2014), determine if referral to the Director of Compensation Service for extraschedular consideration under 38 C.F.R. § 3.321(b)(1) is necessary based on the collective impact of the Veteran's service-connected disabilities (degenerative arthritis of the left elbow, degenerative changes of the left knee, degenerative joint disease of the left shoulder, degenerative changes of the right knee and residuals of fractured nasal bones, in addition to right shoulder disability) on his disability picture and whether it renders the schedular evaluations inadequate. 

If the AOJ determines that referral is necessary, such referral should be made.

2. If any benefit sought on appeal is not granted to the Veteran's satisfaction, he and his representative should be provided with a Supplemental Statement of the Case and afforded the appropriate opportunity to respond thereto.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).





_________________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).